RAYMOND LARA, A MINOR, BY MARGARET LARA,
AS HIS NEXT FRIEND *v.* CITY AND COUNTY
OF HONOLULU, A MUNICIPAL CORPORATION.

NO. 3067.

SUBMITTED FEBRUARY 5, 1957.          DECIDED FEBRUARY 20, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

Plaintiff, a minor, filed by his next friend a complaint in the circuit court of the first judicial circuit of the Territory of Hawaii against the City and County of Honolulu, alleging that the City and County owned, maintained and operated a public park, known as Aala park, located within the City and County of Honolulu; that on April 22, 1952, plaintiff was lawfully playing in said Aala park and while so playing struck his leg upon and tripped over a water sprinkler, fell to the ground, and was thereby injured; that the water sprinkler was unmarked and was maintained in an improper and negligent manner, creating a hazard for children as well as for other persons lawfully in said park; that the proximate cause of plaintiff's injury was the hazardous condition created by defendant's negligence in permitting the sprinkler to exist in an unsafe condition.

Defendant filed a motion to dismiss on the ground that the injury complained of arose out of the exercise of a

governmental function, that is, the operation and maintenance of a public park, and the City and County was immune from liability for negligence in such maintenance and operation.

The court below overruled the motion and the case was brought to this court upon an interlocutory appeal, the sole question being whether the City and County is liable for damages caused by negligence of its officers, agents or employees in the operation of a city park.

On January 24, 1957, this court rendered its opinion in case number 3031 (*Cushnie* v. *County of Hawaii*, 41 Haw. 527), holding that where a municipal corporation owns and controls a public park there is a duty imposed upon it to use ordinary care to keep such park in a reasonably safe condition for the public rightfully using it. The ruling in case number 3031 is applicable to the current case.

It is interesting to note that four days after the filing of the opinion of this court in the *Cushnie* case, the Supreme Court of the United States in *Rayonier Incorporated* v. *United States of America* and *Arnhold et al.* v. *United States of America* (Nos. 45 and 47, October Term 1956, filed January 28, 1957), filed its opinion in a similar case under the Federal Tort Claims Act. The Supreme Court of the United States refused to follow the contention that the Government was immune when acting in a governmental capacity and found the United States liable for negligence in permitting inflammable material to accumulate on Government land and thereby allowing fire to start and spread, and not properly suppressing the spot fires, and failing to quench and prevent the fire when it was under control in certain areas.

For the reasons set forth in this court's opinion in *Cushnie* v. *County of Hawaii, supra,* the action of the trial

judge in refusing to dismiss the complaint against the City and County of Honolulu is sustained.

*Norman K. Chung,* City and County Attorney (*Albert W. Evenson,* Deputy City and County Attorney, with him on the briefs), for defendant-appellant.

*Bouslog & Symonds* (*Edward H. Nakamura* with them on the brief) for plaintiff-appellee.