GEORGE NAMAUU, III, Administrator of the Estate of JUNEDALE NOHEA NAMAUU, and Individually, SARAH K. NAMAUU, ROBERT KEPOO, LAVERNE TOKI, BEATRICE TOUTAI, REMONA KEPOO, DAVID NAMAUU and MARGARET NAMAUU, by her Prochein Ami, GEORGE NAMAUU, III, Plaintiffs-Appellants, *v.* CITY AND COUNTY OF HONOLULU, and COUNTY OF HAWAII, Defendants-Appellees, and RANDALL C. NAKEA, STATE OF HAWAII, DR. HAMDI YILMAZ, DR. ROBERT T. SONE, DR. GEORGE STERN, DR. ALDON ROAT and JOHN DOES 1 through 20, Defendants

NO. 6393

JULY 21, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

OPINION OF THE COURT BY OGATA, J.

Plaintiffs-appellants George Namauu, III, Administrator of the Estate of Junedale Namauu, and individually, Sarah K. Namauu, Robert Kepoo, Laverne Toki, Beatrice Toutai, Remona Kepoo, David Namauu and Margaret Namauu, by her Prochein Ami, George Namauu III (all of whom are hereinafter referred to as appellants), brought an action against Randall C. Nakea, the State of Hawaii, the City and County of Honolulu, the County of Hawaii and named and unnamed individuals. Appellants alleged in their complaint that Randall C. Nakea sexually attacked and shot and killed their decedent, Junedale Namauu on October 10, 1974. They further alleged that the police departments of the two counties were negligent in failing to apprehend Nakea who had left the out-patient program to which he had been assigned by the State Hospital. The City and County of Honolulu (City) and the County of Hawaii, hereinafter jointly referred to as appellees, moved for judgments on the pleadings which were granted and appellants have appealed. We affirm.

I.

Rule 12(c) H.R.Civ.P. provides that on a motion for judgment on the pleadings, if matters outside the pleadings are presented to and not excluded by the trial court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 H.R.Civ.P. Review of a summary judgment is whether any genuine issue as to a material fact

was raised and whether the moving party was entitled to summary judgment as a matter of law. *Miller v. First Hawaiian Bank,* 61 Haw. 346, 349, 604 P.2d 39, 41 (1979); *Lau v. Bautista,* 61 Haw. 144, 146-147, 598 P.2d 161, 163 (1979); *City and County of Honolulu v. Toyama,* 61 Haw. 156, 158, 598 P.2d 168, 170-171 (1979); *Hunt v. Chang,* 60 Haw. 608, 618, 594 P.2d 118, 124 (1979); *Gealon v. Keala,* 60 Haw. 513, 518, 591 P.2d 621, 625 (1979). There is some dispute as to whether the County of Hawaii police were notified of Nakea's absence, but in the view we take of the case, no genuine issue as to any material fact existed. We, therefore, turn to the question whether appellees were entitled to judgment as a matter of law. Given the posture of this case on appeal, we will consider the facts in a light most favorable to appellants. *City and County of Honolulu v. Toyama, supra; Lau v. Bautista, supra; Hunt v. Chang; supra.*

## II.

On January 15, 1974, Nakea was arrested in the County of Hawaii for burglary in the second degree. He was confined to jail pending a requested psychiatric examination. He was transferred to the Halawa Correctional Facility in Honolulu for examination by a team of three psychiatrists. They found that Nakea lacked substantial capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law at the time of the offense.

Nakea was transferred from the Halawa Correctional Facility to the State Hospital, located in the City and County of Honolulu, on March 29, 1974, for evaluation. On or about July 23, 1974, he was released to an out-patient program established for him under the auspices of the State Hospital. Nakea failed to continue in the program and on August 9, 1974, the Honolulu Police Department was notified of Nakea's absence. In the meantime, Nakea had apparently relocated to the Island of Hawaii and on September 5, 1974, appeared at the Hilo Probation Office. No allegation was made that the Hilo Police Department had been notified of

Nakea's unauthorized absence. On October 10, 1974, Nakea was arrested and charged with various offenses arising from the death of Junedale Namauu.

### III.

A fundamental requirement of a negligence action is the existence of a duty owed by the defendant to the plaintiff. *Ono v. Applegate*, 62 Haw. 131, 137, 612 P.2d 533, 538 (1980); *see Seibel v. City and County of Honolulu*, 61 Haw. 253, 257, 602 P.2d 532, 536 (1979); *Ajirogi v. State*, 59 Haw. 515, 522, 583 P.2d 980, 985 (1978); *Freitas v. City and County of Honolulu*, 58 Haw. 587, 590, 574 P.2d 529, 531-532 (1978). Appellants rely on a statutory provision, HRS § 334-53 (1968), in effect at the relevant time but since repealed,[1] as imposing upon the police, and in turn on the Counties, under the theory of respondeat superior, a duty the breach of which gave rise to an actionable claim.

HRS § 334-53 (1968) provided for involuntary admission to a psychiatric facility on certificates of two physicians. Although the record does not so indicate, presumably Nakea was admitted to the State Hospital pursuant to this section. Section (a) set forth the criteria for admission as "any person mentally ill or habituated to the excessive use of drugs or alcohol, to an extent requiring hospitalization, upon the certificates of two licensed physicians accompanied by an application." Section (b) contained the language which is said to have imposed a duty on the police to apprehend escaped patients. Section (b) provided in full as follows:

(b) Completion of the application and the certificates of two physicians and approval of the admission by the administrator or his deputy shall constitute legal authority to transport the patient to the facility by any available means, to detain the patient at the facility as long as

---

[1] In 1976, HRS § 334-53 (1968) was repealed by Act 130, S.L.H. 1976 which amended and repealed certain portions of HRS Chapter 334 (relating to Mental Health, Mental Illness, Drug Addiction, and Alcoholism).

hospitalization is needed, and to return the patient to the facility if he is absent therefrom with or without permission.

A valid approved application under this section shall authorize the immediate apprehension of the patient, without a warrant or further proceeding, by a police officer or by any employee of a psychiatric facility or ambulance service or by either of the certificating physicians. *The police shall assist in transporting the patient to the facility for admission or in returning him to the facility if he is absent therefrom after admission, at the request of the administrator of a public psychiatric facility or at the request of the physician assuming medical responsibility for the patient.* (Emphasis added.)

As section (b) contained no express provision that a violation of the statute should result in potential tort liability, we must determine whether the legislature intended to impose tort liability for its nonperformance.

The nature and extent of duty imposed by statute is a matter of law. *See Ono v. Applegate,* 62 Haw. at 137, 612 P.2d at 539; *Struzik v. City and County of Honolulu,* 50 Haw. 241, 437 P.2d 880 (1968). The duty extends only to those persons for whose protection or benefit the statute was enacted for injuries of a character it was designed to protect against. Prosser, Torts § 36 (4th Ed. 1971); Restatement (Second) of Torts § 286 (1965). The provision in this Section (b) that "[t]he police shall assist in . . . returning him to the facility if he is absent therefrom after admission" was not, contrary to appellant's position, intended to protect any class of persons from escaped or absent patients of the Hawaii State Hospital. The above-referred to language was intended to benefit the administrators of psychiatric facilities. It authorized such administrators of psychiatric facilities, whether public or private,[2] to call upon the police to aid in the trans-

---

[2] Section 334-1 (1974 Supp.) defined "psychiatric facility" as "a public or private hospital or part thereof which provides inpatient or outpatient care, custody, diagnosis, treatment or rehabilitation services for mentally ill persons or for persons habituated to the excessive use of drugs or alcohol or for intoxicated persons."

porting of patients. Appellants urge in their brief that this statutory provision "effectively mandated them [the police] to assume that the errant insane person was dangerous, and to proceed accordingly." There was no basis for a presumption of dangerousness on the part of an escaped or absent patient. Dangerousness was not a criterion for involuntary commitment at that time. Involuntary commitment was authorized for "any person mentally ill or habituated to the excessive use of drugs or alcohol, to an extent requiring hospitalization." *Cf.* the 1976 amendment, Act 130, 1976, S.L.H., now HRS § 334-60(b)(1) (1976) which requires for involuntary hospitalization, a judicial determination of dangerousness to self or others or to property. No allegation was made that the Hilo Police Department had been notified of Nakea's unauthorized absence, but even assuming without deciding that notice was given as provided in HRS § 334-53 (1968), such notice, without more, did not place on the police, and in turn on the Counties, a duty owed to appellants' decedent. Moreover, even under the common law duty of police to exercise reasonable care in preserving the peace and enforcing the laws, in the absence of circumstances creating a duty owed by police officers or the municipalities to take some affirmative action for the protection of the appellants, "failure of police to provide protection is ordinarily not actionable." *Freitas v. City and County of Honolulu,* 58 Haw. at 590, 574 P.2d at 532.

The judgments in favor of the appellees were not error and are affirmed.

*Tobias C. Tolzmann (David C. McClung* and *Owen H. Hellekson, Jr.,* of counsel) for plaintiffs-appellants.

*Edmund Lee, Jr.,* Deputy Corporation Counsel, City & County of Honolulu, and *Stephen G. Bess,* Attorney for the County of Hawaii (*Reginald P. Minn,* Deputy Corporation Counsel, City and County of Honolulu, and *Stephen G. Bess* on the brief), for defendants-appellees, City and County of Honolulu and County of Hawaii.