MARVIN WOLSK, FRIEDA WOLSK, RICHARD D. NELSON as the Special Administrator of the Estate of PHILIP WOLSK and JUDITH M. PANKO, Plaintiffs-Appellants, *v.* STATE OF HAWAII, Defendant-Appellee, and JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORA-TIONS 1-10, DOE "NON-PROFIT" CORPORATIONS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10, Defendants

NO. 10250

(CIVIL NO. 62019)

JANUARY 10, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY HAYASHI, J.

Plaintiffs-Appellants Marvin Wolsk, Frieda Wolsk, Richard Nelson as Special Administrator of the Estate of Philip Wolsk, and Judith Panko (hereinafter collectively "Plaintiffs") appeal an order granting Defendant-Appellee the State of Hawaii (hereinafter "State") summary judgment. Plaintiffs sued State for negligence in the death of Philip Wolsk (hereinafter "Wolsk") and injuries suffered by Judith Panko (hereinafter "Panko") in MacKenzie State Park on the island of Hawaii.

Plaintiffs contend the trial court erred by ruling State owed no duty to warn or protect Wolsk and Panko from the criminal conduct of third persons. We disagree and affirm the order granting summary judgment for the reasons stated below.

## I.

The undisputed facts are as follows. On the night of April 23, 1980, or in the early morning hours of April 24, 1980 at MacKenzie State Park on the island of Hawaii, campers Wolsk and Panko were brutally attacked by unknown assailants. These unidentified persons killed Wolsk and severely injured Panko. Other campers in the area heard nothing and the criminals were never apprehended or identified.

Plaintiffs sued State for negligently failing to warn or provide protection for Wolsk and Panko. Plaintiffs asserted State owed a duty to Wolsk and Panko since MacKenzie Park had a history of violent crimes. There was no security patrol at MacKenzie Park, and a notice to that effect was printed on the MacKenzie Park camping permit. Wolsk and Panko neglected to obtain a camping permit though they knew one was required.[1]

State argued it was not liable for the criminal conduct of unknown third persons. State also asserted that, even if there had been a security patrol at MacKenzie Park, there was no assurance the harm would not have occurred anyway.

The trial court granted State summary judgment and ruled, as a matter of law, State owed no duty to warn and/or protect Wolsk and Panko from the criminal conduct of third persons.[2] Transcript, October 5, 1983 at 5-6. Plaintiffs then filed a timely notice of appeal.

---

[1] Plaintiffs also claimed State had negligently misrepresented MacKenzie Park was safe for campers in official travel brochures and had breached warranties representing MacKenzie Park was reasonably safe for camping. The trial court dismissed these claims, and Plaintiffs do not raise these claims on appeal.

[2] The trial court also ruled 1) the discretionary function exception of the State Tort Liability Act, HRS § 662-15(1) (1976), barred Plaintiffs' claim under the theory of sovereign immunity; 2) Wolsk's and Panko's harm was not reasonably foreseeable; and 3) State's conduct was not the proximate cause of harm. Because the issue of duty is dispositive, we will not address these other issues.

## II.

Because there are no genuine issues of fact, the sole issue is whether State owed a duty to warn or protect Wolsk and Panko from the criminal actions of unidentified third persons and thus was entitled to summary judgment as a matter of law. *See, Fochtman v. Honolulu Police and Fire Departments,* 65 Haw. 180, 649 P.2d 1114 (1982).

As the MacKenzie Park owner, State owes a duty to exercise reasonable care and warn park users about dangerous conditions which are not known or reasonably discoverable by persons of ordinary intelligence. *See, Kaczmarczyk v. City and County of Honolulu,* 65 Haw. 612, 656 P.2d 89 (1982) (dangerous ocean conditions at a beach park); *Lara v. City and County of Honolulu,* 41 Haw. 600 (1957) (hidden water sprinkler head obscured by high grass on park grounds); *Kamau v. County of Hawaii,* 41 Haw. 527 (1957) (park employee fails to extinguish live coals covered by ash); *Wax v. City and County of Honolulu,* 34 Haw. 256 (1937) (government employees leave a heavy electrical pipe on park grounds on top of a steep decline where children play).

But State is not liable for dangerous conditions not under its control. *Geremia v. State,* 58 Haw. 502, 573 P.2d 107 (1977) (natural pool and rockslide on private property advertised in State travel brochures). Nor is State the insurer of the lives of park users. *See, Carreira v. Territory,* 40 Haw. 513 (1954) (operators of bathing beaches or pools owe only a duty of reasonable care in the supervision, construction, and maintenance of the premises and facilities).

## III.

In the absence of a special relationship, State is not liable to plaintiffs harmed by the criminal conduct of unknown third persons on State property. The Restatement (Second) of Torts § 315 (1965) provides:

There is *no duty to control the conduct of a third person as to prevent him from causing physical harm to another* unless

(a) a *special relation* exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or

(b) a *special relation* exists between the actor and the other which gives to the other a right to protection.

(Emphasis added.) The Restatement (Second) of Torts § 314(A) (1965) defines special relationships:

(1) A common carrier is under a duty to its passengers to take reasonable action

(a) to *protect them against unreasonable risk* of *physical harm,* and

(b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.

(2) An innkeeper is under a similar duty to his guests.

(3) *A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.*

(4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other.

(Emphasis added.)

We rule the Restatement principles are not applicable to the facts of this case since no special relationship duty exists. State owed no duty to warn or protect Wolsk and Panko from the criminal conduct of third persons. *See, Hulsman v. Hemmeter Development Corp.,* 65 Haw. 58, 647 P.2d 713 (1982) (convicted felon told state probation officer at interview felon had gun, probation officer does nothing, and felon later shoots plaintiff); *Namauu v. City and County of Honolulu,* 62 Haw. 358, 614 P.2d 943 (1980) (escaped state hospital mental patient kills victim, and victim's parents sue state officials and city police for not apprehending patient); *Ajirogi v. State,* 59 Haw. 515, 583 P.2d 980 (1978) (state hospital mental patient who had twice escaped and stolen cars, escaped again, stole another car, and collided with plaintiffs' vehicle); *Freitas v. City and County of Honolulu,* 58 Haw. 587, 574 P.2d 529 (1978) (police fail to arrest a person threatening his brothers by firing shots at them on November 24, 1973, and on January 10, 1974, the person shoots his brothers).

In *Seibel v. City and County of Honolulu,* 61 Haw. 253, 602 P.2d 532 (1979), we considered the Restatement principles and held no special relationship duty existed. Paul Abraham Luiz, a convicted sex offender undergoing psychotherapy, was accused of committing another violent crime while on conditional release. The City and County of Honolulu prosecutor's office knew these facts but did not order Luiz's arrest or inform his psychiatrist. Later Luiz murdered a girl. Her parents then

sued the City and County for negligence. Summary judgment was entered for the City and County. *Id.* at 254-57, 602 P.2d at 534-36. On appeal, we affirmed and ruled:

> [U]nlike the parent, master or institutional custodian who has *de facto* or *de jure* custody or control over the child, servant or ward, *the appellee did not have custody or control over Luiz. In the absence of control over Luiz, we find no special relationship between the appellee and Luiz.*

*Id.* at 260, 602 P.2d at 538 (emphasis added).

In this case where the third persons who harmed Wolsk and Panko were unknown and were never alleged to be under State's control, no special relationship duty existed requiring State to warn or protect Wolsk and Panko. *See, Freitas,* 58 Haw. at 590, 574 P.2d at 532 (failure to provide police protection is not generally actionable).

In *King v. Ilikai Properties, Inc.,* 2 Haw. App. 359, 632 P.2d 657 (1981), the lessee of a condominium unit (King) and her guest (Kelly) sued the Ilikai Hotel as landlord when unidentified robbers attacked them in King's rented unit. The Hawaii Intermediate Court of Appeals held no special relationship existed within the meaning of Restatement (Second) of Torts §§ 314A and 315:

> As King and Kelly were not guests of the hotel at the time the incident occurred, no special relationship existed between the plaintiffs-appellants and Ilikai that would give rise to the imposition of a duty to protect plaintiffs-appellants from the acts of third parties. Plaintiffs-appellants argue that *because hotels attract dangerous persons, the Ilikai should have known such persons would come onto the premises so that its subsequent failure to notify persons of the potential for victimization via posted warning signs and increased surveillance amount to a breach of duty.* In our view, *such a position is unreasonable.*

*Id.* at 362-63, 632 P.2d at 661 (emphasis added).

We hold the reasoning of the Intermediate Court of Appeals is directly applicable to the facts of the instant case. Simply because MacKenzie Park *may* have had a tendency to attract dangerous persons is no reason to impose a duty on State to warn or protect park users from those dangerous persons.

Accordingly, the trial court properly granted summary judgment as State owed no duty to warn or protect Wolsk and Panko from the criminal conduct of unidentified third persons at MacKenzie Park. The

judgment is therefore affirmed.

*Mark S. Milker* (*Wesley W. Ichida, Arthur F. Roeca, Eric K. Yamamoto* and *Cathy A. Lee* with him on the opening brief; *Ichida, Roeca* and *Lee* with him on the reply brief; *Case, Kay & Lynch,* of counsel), for Plaintiffs-Appellants.

*Charles Fell,* Deputy Attorney General, for Defendant-Appellee.