IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

TOE SCHWENKE, as Guardian of the Property of and
Next Friend of SOGI SCHWENKE, an Incapacitated Person;
and FAAVAE SCHWENKE and PALOLO SCHWENKE, Minor
Children of SOGI SCHWENKE, an Incapacitated Person,
Plaintiffs-Appellants,
v.
OUTRIGGER HOTELS HAWAII, LLP dba OHANA MAILE
SKY COURT; and WACKENHUT SERVICES, INC.,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE GOVERNMENTAL
ENTITIES 1-10, and DOE UNINCORPORATED ASSOCIATIONS 1-10,
Defendants

NO. 28319

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 04-1-0670)

MARCH 18, 2010

NAKAMURA, C.J., FOLEY and FUJISE, JJ.

OPINION OF THE COURT BY FOLEY, J.

Plaintiffs-Appellants Toe Schwenke, as Guardian of the
Property of and Next Friend of Sogi Schwenke (Sogi), an
Incapacitated Person; and Faavae Schwenke and Palolo Schwenke,
Minor Children of Sogi, (collectively, Appellants) appeal from
the Judgment entered on December 12, 2006 in the Circuit Court of
the First Circuit[1] (circuit court). After motions for summary
judgment were filed by Defendants-Appellees Outrigger Hotels

---

[1] The Honorable Karen S.S. Ahn presided.

Hawaii, LLP dba Ohana Maile Sky Court (Outrigger) and Wackenhut Services, Inc. (Wackenhut) and granted by the circuit court, the court entered judgment on all claims set forth in Appellants' First Amended Complaint in favor of Outrigger and Wackenhut and against Appellants.

On appeal, Appellants contend the circuit court erred in concluding that neither Wackenhut nor Outrigger had a duty to protect Sogi from the acts of Cameron Tuupoina (Tuupoina). Appellants argue that (1) the foreseeability of harm creates a duty; (2) the possessors of land owe a duty to the public using an adjacent highway; (3) the landowner assumes a responsibility for the conduct of a person it allows to enter and use its property; and (4) public policy supports the imposition of such a duty. We disagree.

I.

As a result of Tuupoina's jumping from the roof of the Ohana Maile Sky Court hotel and landing on the roof of Sogi's vehicle, causing severe injuries to Sogi, Appellants filed a complaint on April 12, 2004 against Outrigger[2] and Wackenhut,[3] alleging negligence, failure to warn or guard against a foreseeable risk of harm, and a breach of a duty of care to Sogi. On November 4, 2005, Appellants filed the First Amended Complaint, correcting the date of the accident.

On December 23, 2005, Wackenhut filed a Motion for Summary Judgment (Wackenhut MSJ). Outrigger filed its Motion for Summary Judgment (Outrigger MSJ) on December 28, 2005. Appellants opposed both motions.

The Outrigger MSJ stated the events resulting in injuries to Sogi as follows:

---

[2] In Outrigger's November 22, 2005 answer to the First Amended Complaint, Outrigger identifies itself as "Outrigger Sky Court Limited Partnership, dba Ohana Maile Sky Court Hotel." Outrigger admitted that it managed and operated the Ohana Maile Sky Court.

[3] Wackenhut provided security for Outrigger Hotels.

On February 4, 2003, at approximately 3:00 p.m., [Tuuponia], age 22, entered the Ohana Maile Sky Court at 2058 Kuhio Avenue, Honolulu, Hawaii and went to the 44th floor of the hotel. [Tuuponia] was not a registered guest of the hotel. Upon arrival on the 44th floor, [Tuuponia] entered a stairwell leading to the roof access door. Having found that the door was locked and secured, [Tuuponia] managed to grab onto an overhead electrical conduit and traverse the length of the stairwell to a ventilation grate which he was able to forcefully remove. From there, [Tuuponia] moved to the roof parapet from which he threw himself out over Kuhio Avenue. At that moment, [Sogi] was stopped in traffic on Kuhio Avenue in the Makai[4] Diamond Head bound lanes when Tuuponia landed on the roof of her vehicle killing himself and causing serious injury to [Sogi].

Appellants did not contest Outrigger's description of these events, which are supported by the evidence. Appellants admitted that Sogi was not a guest of the Outrigger Ohana Maile Sky Court Hotel on February 4, 2003 and have not challenged the circuit court's conclusion that Tuupoina intentionally jumped from the roof.

On November 29, 2006, the circuit court filed its order granting the Outrigger MSJ. On December 5, 2006, the circuit court filed its order granting the Wackenhut MSJ. The circuit court filed the Judgment on December 12, 2006, and Appellants timely appealed.

## II.

On appeal, the circuit court's decision on a motion for summary judgment is reviewed de novo. Alvarez Family Trust v. AOAO of Kaanapali Alii, 121 Hawai'i 474, 481, 221 P.3d 452, 459 (2009).

## III.

The circuit court was correct in holding that based on the undisputed evidence, Appellants failed to carry their burden of proving the existence of a duty that is an essential element of a cause of action based on negligence. The undisputed

---

[4]  The Hawaiian word "makai" translates as "toward the sea, in the direction of the sea." Mary Kawena Pukui & Samuel H. Elbert, Hawaiian Dictionary 114 (1986). As used in the above context, it would mean the roadway lane closest to the ocean.

evidence was that Tuupoina jumped from the roof. The circuit court correctly concluded that absent a special relationship between Sogi and Outrigger or Wackenhut, Outrigger and Wackenhut did not have a duty to protect Sogi from the acts of a third party and absent a special relationship between Tuupoina and Outrigger or Wackenhut, neither Outrigger nor Wackenhut had a duty to prevent Tuupoina from committing suicide.

The first issue for the circuit court to resolve was whether the facts of this case implicated a duty on the part of Outrigger or Wackenhut. "A prerequisite to any negligence action is the existence of a duty owed by the defendant to the plaintiff. See Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 385, 742 P.2d 377, 383 (1987)." Cuba v. Fernandez, 71 Haw. 627, 631, 801 P.2d 1208, 1211 (1990). Appellants argue it was foreseeable that a person would jump from the roof of the hotel and, therefore, Outrigger and Wackenhut had a duty to protect Sogi from Tuupoina's suicide. However, foreseeability alone is not dispositive of a duty's existence. The relationship between the parties is also a necessary consideration. Lee v. Corregedore, 83 Hawai'i 154, 167, 925 P.2d 324, 337 (1996).

For Outrigger and/or Wackenhut to have had a duty to protect Sogi from the acts of Tuupoina, there must have been a special relationship between Outrigger or Wackenhut and Tuupoina or Sogi.

> With respect to a duty to control the conduct of others, Hawaii law follows the *Restatement (Second) of Torts* § 315 (1965), which provides:
>
>> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
>>
>> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
>>
>> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

> *See Wolsk v. State*, 68 Haw. 299, 301, 711 P.2d 1300, 1302 (1986). The "special relations" referred to in § 315 are defined in *Restatement (Second) of Torts* § 314A (1965) to include the following four situations:
>
> > (1) A common carrier is under a duty to its passengers to take reasonable action
> >
> > > (a) to protect them against unreasonable risk of physical harm, and
> > >
> > > (b) to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.
> >
> > (2) An innkeeper is under a similar duty to his guests.
> >
> > (3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.
> >
> > (4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other.
>
> *See also Wolsk*, 68 Haw. at 302, 711 P.2d at 1302.

Cuba, 71 Haw. at 631-32, 801 P.2d at 1211. The requirement of a special relation is particularly important in the context of a suicide.

> Generally, an actor will not be held liable for the suicide of another "because suicide constitutes an independent intervening act so extraordinary as not to have been reasonably foreseeable by the original tortfeasor." McPeake v. William T. Cannon, Esquire, P.C., 381 Pa. Super. 227, 553 A.2d 439, 441 (1989) (citations omitted).

Lee, 83 Hawai'i at 160, 925 P.2d at 330.

In a case where the defendant was alleged to have breached a duty to prevent a person from committing suicide, the Hawai'i Supreme Court held that the defendant must have actual custody of the suicidal person in order to be charged with a duty of prevention: "Accordingly, we have followed the Restatement (Second) of Torts § 314A(4) and recognized a reasonable duty of care to prevent suicide only on the part of a defendant who had actual custody of a suicidal person. Figueroa v. State, 61 Haw. 369, 376-80, 604 P.2d 1198, 1202-04 (1979)." Lee, 83 Hawai'i at

161, 925 P.2d at 331. In Lee, the Hawai'i Supreme Court addressed the issue of whether a counselor (Corregedore) owed a duty to a non-custodial client (Perreira) to prevent the client from committing suicide. Id. at 156-158, 925 P.2d at 326-28. The Hawai'i Supreme Court held that

> Corregedore and the State did not have custody nor control over Perreira, and thus, they did not share a special relationship sufficient to impose a duty of care on Corregedore to prevent Perreira's suicide. Furthermore, there are strong public policy considerations that weigh against recognizing tort liability for Corregedore's failure to prevent Perreira's suicide.

Id. at 172, 925 P.2d at 342. As in Lee, the facts in the instant case do not justify imposing a greater duty to control the actions of a suicidal person whose suicide harms a third person. In both cases, it would be unreasonable to require a party to be responsible for the suicide of another absent a custodial relationship.

Appellants argue that a landowner's duty of reasonable care for the safety of persons on an adjoining property is implicated in this case. See Medeiros v. Honomu Sugar Co., 21 Haw. 155, 159 (Haw. Terr. 1912); Whitesell v. Houlton, 2 Haw. App. 365, 367, 632 P.2d 1077, 1079 (1981); Whittaker v. Honegger, 284 Ill. App. 3d 739, 742-43, 674 N.E.2d 1274, 1276 (1996). However, Appellants have not cited to any authority extending this duty of reasonable care to encompass the intervening acts of a third party as they would have us do in the present case.

Appellants argue that there is a public policy to support the imposition of liability on Outrigger and Wackenhut. While policy considerations do play a role in the determination of the existence of a duty, Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 12, 143 P.3d 1205, 1214 (2006) (quoting Blair v. Ing, 95 Hawai'i 247, 259-260, 21 P.3d 452, 464-465 (2001)), the policy considerations already have been established by prior case law regarding the duty of a person to control the conduct of a third

party for the protection of another. See Lee, 83 Hawai'i at 165-172, 925 P.2d at 335-342; Doe v. Grosvenor Properties (Hawaii) Ltd., 73 Haw. 158, 167, 829 P.2d 512, 517 (1992).

V.

The Judgment filed on December 12, 2006 in the Circuit Court of the First Circuit is affirmed.

On the briefs:

John R. Myrdal,
Sue V. Hansen, and
Elise Owens Thorn
(Clay Chapman Crumpton
   Iwamura & Pulice)
for Plaintiffs-Appellants.

Dennis E.W. O'Connor,
Michael J. McGuigan, and
Charles R. Prather
(Reinwald O'Connor & Playdon LLP)
for Defendant-Appellee Outrigger
   Hotels Hawaii, LLP dba Ohana
   Maile Sky Court.

Mary L. Lucasse and
Devin L. Choy
(Burke McPheeters Bordner & Estes)
for Defendant-Appellee
The Wackenhut Corporation