(No. 69588.—

PATRICIA WIDLOWSKI, Appellee, v. DURKEE FOODS, Division of SCM Corporation, *et al.* (Durkee Foods, Division of SCM Corporation, Appellant).

*Opinion filed October 18, 1990.*

Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., of Chicago (Thomas J. Fleischmann, William Paul Jones, Terence E. Flynn and Kimberley Marsh, of counsel), for appellant.

Leahy & Donovan, of Chicago (Mark N. Pera and Tom Leahy, of counsel), and Roy D. Simon, Jr., of St. Louis, Missouri, for appellee.

Law Office of Jeffrey M. Marks, of Chicago (Clark M. Raymond, of counsel), for *amicus curiae* Illinois Trial Lawyers Association.

CHIEF JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Patricia Widlowski, filed a two-count negligence action against defendants, Durkee Foods, Division of SCM Corporation (Durkee Foods), and Larry Wells. The circuit court of Cook County granted Durkee Foods' motion to dismiss (Ill. Rev. Stat. 1983, ch. 110, par. 2—615). The appellate court, with one justice dissenting, reversed and remanded the cause to the circuit court. (190 Ill. App. 3d 381.) We granted Durkee Foods' petition for leave to appeal (107 Ill. 2d R. 315), and granted leave to the Illinois Trial Lawyers Association to file an *amicus curiae* brief in support of plaintiff (107 Ill. 2d R. 345).

The following issues are presented on review: (1) whether Durkee Foods owed plaintiff a duty of ordinary care; and (2) whether Durkee Foods was subject to liability to plaintiff under the doctrine of *respondeat superior*.

Plaintiff alleged the following facts in her complaint. On December 3, 1983, Larry Wells, an employee of Durkee Foods, a spice manufacturing company, entered an industrial tank with the purpose of cleaning it. The tank contained nitrogen gas, among other substances, and lacked a sufficient amount of oxygen to breathe. Wells failed to wear protective gear and failed to purge the tank of the nitrogen gas. Upon entering the tank, Wells was overcome by nitrogen gas and became restless, incoherent and delirious. He was transported to St. Joseph's Medical Center for treatment. Plaintiff, a nurse at the medical center, attended to Wells. While in a state of delirium, Wells bit off a portion of plaintiff's right middle finger.

In count I of the complaint, plaintiff alleged that Wells was negligent for entering the tank without protection when he knew or should have known that exposure to the nitrogen gas would cause him to become ill, which in turn would cause him to place those around him in danger. Plaintiff alleged that Wells was liable for damages and further alleged that Durkee Foods was liable under the doctrine of *respondeat superior*. In count II of the complaint, plaintiff alleged that Durkee Foods was negligent for allowing Wells to enter the tank without protection when it knew or should have known that the tank was filled with nitrogen gas.

The circuit court granted Durkee Foods' motion to dismiss. The circuit court held that neither defendant owed plaintiff a duty of ordinary care. On appeal, the appellate court, with one justice dissenting, reversed the order of the circuit court. The appellate court held that both defendants owed plaintiff a duty of ordinary care and that Durkee Foods was subject to liability under the doctrine of *respondeat superior*. 190 Ill. App. 3d at 382-83.

The first issue presented for review is whether Durkee Foods owed plaintiff a duty of ordinary care. Plaintiff asserts that Durkee Foods owed her a duty, because the risk of harm was reasonably foreseeable and other factors support the imposition of such a duty. Durkee Foods argues that the risk of harm was not reasonably foreseeable and other factors do not support the imposition of such a duty.

A complaint for common law negligence must set forth the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from that breach. (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 541.) A duty requires a person to conform to a certain standard of conduct for the protection of another against an unreasonable risk of harm. (*Fancil v. Q.S.E. Foods, Inc.* (1975), 60 Ill. 2d 552, 554.) Whether a duty exists, *i.e.*, whether the defendant and the plaintiff stood in such a relationship to one another where the defendant is obliged to conform to a certain standard of conduct for the benefit of the plaintiff, is an issue of law that must be resolved by the court. *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 140.

It is well settled that every person owes a duty of ordinary care to all others to guard against injuries which naturally flow as a reasonably probable and foreseeable consequence of an act, and such a duty does not depend upon contract, privity of interest or the proximity of relationship, but extends to remote and unknown persons. (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 390; *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 86.) Therefore, in determining whether the defendant owed a duty to the plaintiff, the court will consider whether the risk of harm to the plaintiff was reasonably foreseeable. *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 376.

In reliance upon this standard, the appellate court held that Durkee Foods owed plaintiff a duty of ordinary care, because the risk of harm was reasonably foreseeable. The appellate court reasoned that both Durkee Foods and Wells owed plaintiff a duty to take proper precautions before cleaning the tank. The appellate court determined that it was reasonably foreseeable that exposure to the nitrogen gas would cause Wells to become delirious, and it was also foreseeable that he would harm anyone with whom he came into contact while in a state of delirium.

We disagree with the appellate court's holding that the risk of harm to plaintiff was reasonably foreseeable. Furthermore, the appellate court's analysis was incomplete, because the court should have considered other factors, in addition to foreseeability, to determine the existence of a legal duty.

While there can be no doubt that Wells' failure to wear protective gear upon entering the tank caused him to become ill, we do not believe that the risk of harm to plaintiff, who was removed in time and place, was reasonably foreseeable. In *Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, both the hospital and the physician failed to warn the patient that a drug prescribed to him could diminish his physical and mental abilities. After ingesting the drug, the patient was involved in an automobile accident resulting in an injury to the plaintiff. While there was clearly a risk of harm involved, the court found that the risk of harm to the plaintiff was not reasonably foreseeable. (*Kirk*, 117 Ill. 2d at 526.) Likewise, at the time Wells entered the tank, the risk of harm to plaintiff was not reasonably foreseeable.

It can be said, with the benefit of hindsight, that virtually every occurrence is foreseeable. Thus, the question of whether a legal duty exists is contingent upon a vari-

ety of factors, and the weight accorded each factor depends upon the circumstances of each case. (*O'Hara v. Holy Cross Hospital* (1990), 137 Ill. 2d 332.) In addition to foreseeability, the court will consider the likelihood of injury, the magnitude of the burden of guarding against it, the consequences of placing that burden on the defendant (*Lance v. Senior* (1967), 36 Ill. 2d 516, 518), as well as the public policy and social requirements of the time and community (*Renslow v. Mennonite Hospital* (1977), 67 Ill. 2d 348, 357-58).

Although it was tragic that Wells bit off a portion of plaintiff's finger while in a state of delirium, the likelihood of that occurring was minimal. (*Cf. O'Hara*, 137 Ill. 2d at 340 (it was reasonably foreseeable that a nonpatient bystander who was allowed to enter an emergency room and remain with the patient would faint, but the likelihood of that occurring was minimal); *Barnes v. Washington* (1973), 56 Ill. 2d 22, 29-30 (the likelihood that an incompetent would enter the railroad yards at 1:30 a.m., board one of the cars and sustain an injury from the cold weather was minimal); *Lance*, 36 Ill. 2d at 518-19 (the likelihood that a nine-year-old hemophiliac would swallow a needle was minimal).) Moreover, the burden sought to be imposed on Durkee Foods is a heavy one. Durkee Foods was not in a position to control plaintiff or any other medical personnel in the care and treatment of Wells. Furthermore, accepting plaintiff's argument at face value, liability would extend to the world at large, because it was conceivable, though highly unlikely, that Wells could have harmed anyone with whom he came into contact while in a state of delirium. However, whether a duty exists depends, in part, on the relationship between the parties. *Kirk*, 117 Ill. 2d at 525; but see *Scott & Fetzer Co.*, 112 Ill. 2d at 390 (liability extends to remote and unknown persons when the risk of harm was reasonably probable and foreseeable).

The question whether one party owes another a duty of ordinary care is "very involved, complex and indeed nebulous." (*Mieher v. Brown* (1973), 54 Ill. 2d 539, 545.) The scope and boundaries of a duty are so ambiguous and indistinct that one commentator has observed: " 'There is a duty if the court says there is a duty.' " (*Mieher*, 54 Ill. 2d at 545, quoting Prosser, *Palsgraf Revisited*, 52 Mich. L. Rev. 1, 15 (1953).) The court has thus far been unwilling to "say there is a duty" unless the parties stood in such a relationship where one party is obliged to conform to a certain standard of conduct for the benefit of the other. (*Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 20-21.) After all, " '[p]roof of negligence in the air, so to speak, will not do.' " (*Palsgraf v. Long Island R.R. Co.* (1928), 248 N.Y. 339, 341, 162 N.E. 99, 99, quoting F. Pollack, The Law of Torts 455 (11th ed. 1920).) For these reasons, there is no duty to guard against the "tragically bizarre" (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 377), and " 'liability must stop somewhere short of the freakish and the fantastic' " (*Mieher*, 54 Ill. 2d at 545, quoting Prosser, *Palsgraf Revisited*, 52 Mich. L. Rev. 1, 27 (1953)). Under the circumstances of this case, public policy does not support the imposition of a duty. We hold that Durkee Foods did not owe plaintiff a duty of ordinary care.

The second issue presented for review is whether Durkee Foods was subject to liability to plaintiff under the doctrine of *respondeat superior*. An employer is liable for the negligent acts of an employee who was acting within the scope of employment. (*Lasko v. Meier* (1946), 394 Ill. 71, 77.) In the instant case, Wells was clearly acting within the scope of his employment when he entered the tank with the purpose of cleaning it. However, at the time Wells entered the tank, the risk of harm to plaintiff was not reasonably foreseeable and the likelihood of injury to plaintiff was minimal. For the same reasons that

Durkee Foods did not owe plaintiff a duty of ordinary care, Wells did not owe plaintiff a duty of ordinary care. Hence, Durkee Foods was not subject to liability under the doctrine of *respondeat superior*.

For the reasons set forth above, the judgment of the appellate court is reversed and the order of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*