SHERRY ANNE HANKS, a Minor, by her Guardian and Next Best Friend, Citizens National Bank and Trust Company, Plaintiff-Appellant, v. MOUNT PROSPECT PARK DISTRICT *et al.*, Defendants-Appellees (Di Mucci Home Builders, Inc., now d/b/a Radcliffe Development Corporation, *et al.*, Defendants).

First District (5th Division)   No. 1—90—1321

Opinion filed March 19, 1993.

John M. Falasz, Jr., of Chicago (Kevin C. Rakers, of counsel), for appellant.

Judge & Knight, Ltd., of Park Ridge (Charles C. Hoppe, Sarah Hansen Sotos, and Lawrence M. Brady, of counsel), for appellees.

PRESIDING JUSTICE GORDON delivered the opinion of the court:

In this negligence action, plaintiff appeals from an order of the circuit court granting summary judgment to defendants Mount Prospect Park District and Commonwealth Edison. For the reasons discussed below, we affirm.

On May 27, 1975, plaintiff Sherry Anne Hanks was struck by a car driven by defendant Sam Ursetto. Plaintiff, then five years old, lived with her family in an apartment in Mount Prospect. The apartment was owned and operated by defendants Di Mucci Home Builders, Inc., now d/b/a Radcliffe Development Corporation, and Salvatore and Robert Di Mucci as beneficiaries under trust No. 13906. The accident occurred while Sherry was crossing a private parking lot or driveway, also owned by the Di Mucci defendants, which was located immediately south of the apartment buildings. She had been playing in a playground located south of the parking lot on property owned by defendant, Commonwealth Edison, and leased to defendant, Mount

Prospect Park District. According to her mother, Sherry had played in the playground on previous occasions. On this occasion, her mother had called to her from outside their apartment building to come inside, but had gone upstairs without waiting for her daughter and had left Sherry to cross the parking lot and driveway by herself. Sherry's mother testified in her deposition that Sherry was allowed to cross the parking lot by herself and had been told the correct way to cross.

Subsequently, plaintiff filed a three-count complaint for damages arising from the accident. Count I was directed against the Di Mucci defendants, and count three named the driver, Ursetto, as defendant. These counts are not the subject of this appeal.

Count II named Commonwealth Edison and the Mount Prospect Park District as defendants. In this count, plaintiff alleged that defendants had created a hazardous and unreasonably dangerous condition by locating a playground immediately contiguous to a driveway or parking lot. Plaintiff alleged that defendants were negligent in their failure to place a barrier between the playground and the driveway, failure to provide safe ingress and egress to the playground across the parking lot, failure to provide a crosswalk, failure to warn motorists of the presence of children, failure to regulate traffic by means of signs, barriers, or speed bumps, and failure to prevent cars from parking in such a way as to obstruct the vision of children and motorists.

Commonwealth Edison and the Mount Prospect Park District each moved for summary judgment on count II, pursuant to section 2—1005 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005.) Both defendants argued that they had no duty to do any of the acts plaintiff alleged they failed to do and that failure to do those acts was not a proximate cause of plaintiff's injuries. The park district also argued that it was immune from liability.

In opposition to the motion, plaintiff submitted the affidavit of Michael Janke, a resident of the apartment complex who had witnessed the accident. According to Janke, he had seen vehicles travelling through the parking lot at speeds up to 60 miles per hour on previous occasions. He estimated that the car which struck Sherry was travelling about 30 miles per hour.

Plaintiff also submitted the deposition of Alan R. Caskey, a parks and recreation planner. Caskey opined that the defendants failed to provide proper ingress, egress and barriers so that children entering and leaving the playground would have a proper path to cross the parking lot. He testified that barriers should have been installed along the side of the park to prevent children from running through the

parked vehicles, and that a properly marked and signed crosswalk should have been installed. Plaintiff also retained a transportation engineer, James Saag. He testified that the parking lot, which was over one-quarter of a mile long, should have been designed with some physical diversion to force drivers to slow their vehicles as they drove through the lot.

Following argument, the trial court granted defendants' motions for summary judgment. The court rejected as "totally impractical" plaintiff's suggestion that the playground should have been removed. The court also refused to impose a duty on the park district to erect a fence between the playground and the parking lot, since to do so would put an "impossible burden" on every park district to protect those using the park from injury while crossing a public way or private way. This appeal followed.

OPINION

Summary judgment should be granted only when the pleadings, depositions, affidavits, and admissions on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (*Schnering v. Midlothian Park District* (1991), 219 Ill. App. 3d 664, 579 N.E.2d 908.) In a negligence action, the determination of whether a duty exists is an issue of law to be determined by the court. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 513 N.E.2d 387.) Absent the existence of a duty, defendant is entitled to summary judgment. *Crutchfield v. Yellow Cab Co.* (1989), 189 Ill. App. 3d 1091, 1094, 545 N.E.2d 961 ("[i]f, based upon the pleadings and accompanying affidavits, it appears no duty is owed plaintiff, granting of summary judgment is proper").

On appeal, plaintiff contends that Commonwealth Edison and the park district owed a duty to children to place their playground in a safe location and to provide a safe means of ingress and egress to the playlot. In support of her position, plaintiff cites *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, and its progeny, where the Illinois Supreme Court considered the duty of a landowner to remedy conditions on his property which posed a danger to children.

In *Kahn*, the court abolished the doctrine of attractive nuisance and the distinctions between a child's status as a trespasser or an invitee, and held that the rules of ordinary negligence are to be applied in cases involving personal injuries to children. (*Kahn v. James Burton Co.*, 5 Ill. 2d at 624 ("the only proper basis for decision in such cases dealing with personal injuries to children are the cus-

tomary rules of ordinary negligence cases").) Although generally an owner or one in possession is under no duty to keep his premises in any particular state or condition to promote the safety of trespassers or others who come upon them without invitation, an exception may exist where children are involved. (*Kahn v. James Burton Co.*, 5 Ill. 2d at 625.) When the owner or person in possession or control knows or should know that children frequent the premises and there exists a dangerous condition on the premises, the law will impose a duty to remedy the condition which would not exist under the rules of ordinary negligence. *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177; see also *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023.

■ A dangerous condition has been defined as one which is likely to cause injury to children who, by reason of their immaturity, are incapable of appreciating the risk involved. (*Corcoran v. Village of Libertyville*, 73 Ill. 2d at 326.) An initially innocuous condition, although not in and of itself dangerous, may become so when joined with other nondangerous instrumentalities. (*Novak v. C.M.S. Builders & Developers* (1980), 83 Ill. App. 3d 761, 763, 404 N.E.2d 918.) When a nondangerous condition is combined with other nondangerous surroundings to create a dangerous condition, the "burden is on the plaintiff to allege facts which demonstrate that the combination of surroundings creates a risk greater than those to which children are exposed in their everyday lives." (*Old Second National Bank v. Aurora Township* (1987), 156 Ill. App. 3d 62, 69, 509 N.E.2d 692.) Moreover, a party who creates a dangerous condition may be held liable for injuries even if he does not own or possess the premises upon which the dangerous condition exists. *La Salle National Bank v. City of Chicago* (1985), 132 Ill. App. 3d 607, 613, 478 N.E.2d 417 (defendant "could properly be found to have 'created' or contributed to a hazardous condition even though [defendant] did not own the property upon which the dangerous instrumentality was located"); *Halloran v. Belt Ry. Co.* (1960), 25 Ill. App. 2d 114, 119, 166 N.E.2d 98 ("the rule may be reasonably applied so as to render [defendant] liable for injuries to children, where it is responsible for the creation of the attraction, notwithstanding [defendant] does not own or control the premises on which plaintiff was injured").

The basis for liability is the foreseeability of injury to the child. (*Kahn v. James Burton Co.*, 5 Ill. 2d at 625.) It is the combination of the owner's knowledge of the presence of children and the child's inability to comprehend the risk which makes injury foreseeable, and

thus gives rise to a duty to remedy the condition. *Cope v. Doe*, 102 Ill. 2d at 286.

■ While the foregoing cases clearly establish that a landowner has a duty to remedy conditions on his property which are dangerous to children, we find them to be inapplicable since there are no allegations here of a dangerous condition on defendants' land. Plaintiff has not alleged that any condition on the playground itself posed any danger to children, or that any condition on the playground itself combined with any other condition on that playground to create any such danger.

In each case cited by plaintiff to establish that defendants owed a duty to her, there was some dangerous condition on the defendant's property which the court held defendant had a duty to remedy. (See *Kahn v. James Burton Co.*, 5 Ill. 2d 614 (pile of lumber on defendant's property); *Engel v. Chicago & North Western Transportation Co.* (1989), 186 Ill. App. 3d 522, 542 N.E.2d 729 (hole in fence located on defendant's property); *La Salle National Bank v. City of Chicago*, 132 Ill. App. 3d 607, 478 N.E.2d 417 (hole in fence on defendant's property); *Halloran v. Belt Ry. Co.*, 25 Ill. App. 2d 114, 166 N.E.2d 98 (sandpile on defendant's property).) As noted above, here there are no allegations of any dangerous condition on defendants' property. No condition on defendants' property posed any danger to the plaintiff. Any danger was in the parking lot and driveway, and no condition on defendants' property increased that danger. Thus, plaintiff's reliance on the above cases, which considered defendants' duty to remedy a condition on their property which posed a danger to children, is misplaced.

We turn, therefore, to plaintiff's contention that defendants owed a duty to provide a safe means of ingress and egress to the playground.

■ A landowner has a duty to provide a safe means of ingress and egress to his premises for his invitees. (See, *e.g., Mooney v. Etheridge* (1978), 65 Ill. App. 3d 847, 382 N.E.2d 826; *Decker v. Polk Brothers* (1976), 43 Ill. App. 3d 563, 357 N.E.2d 599; *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 272 N.E.2d 369.) Within limits, that duty may extend beyond the precise boundaries of the landowner's property. (*McDonald v. Frontier Lanes, Inc.*, 1 Ill. App. 3d at 351 (defendant found liable where plaintiff was injured when she fell into a hole in a parkway owned by the city, where evidence showed defendant had assumed use and control of public sidewalk for customer parking and had blocked it for normal use by plaintiff and other patrons, stating "within limitations dictated by the

facts of the case" duty may extend "beyond the precise boundaries of such premises").) Where, however, the landowner has exercised no control over the adjacent property, he will not be held liable for injuries which occur on adjacent property. (Compare *Decker v. Polk Brothers*, 43 Ill. App. 3d at 566 (no liability for defendant storeowner where plaintiff was injured when she fell on a public sidewalk abutting defendant's property, where sidewalk was "owned, controlled, and maintained by the City of Chicago"), with *McDonald v. Frontier Lanes, Inc.*, 1 Ill. App. 3d 345, 272 N.E.2d 369.) Moreover, liability will not be imposed where the injury is not caused by a physical defect in the adjacent property, but rather is the result of an independent factor. *Laufenberg v. Golab* (1982), 108 Ill. App. 3d 133, 438 N.E.2d 1238 (no legal duty where plaintiff was injured when hit by automobile while crossing public street which ran through defendant's property).

Here the defendants did not own the parking lot or driveway adjacent to their playground. They were owned by the Di Muccis. There are no allegations that either Commonwealth Edison or the park district ever exercised any control over the Di Muccis' property. In addition, the injury here clearly was not caused by a physical defect in the parking lot or the driveway, but instead was caused by an independent factor, the defendant Ursetto.

As our supreme court explained in *Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 52-53, 566 N.E.2d 1365, where it held that a landowner had no duty to maintain his property in such a way as to prevent injury on an adjacent roadway:

> "In this case, plaintiff is seeking to impose a duty on defendant to maintain his property so as to guard against an injury occurring off defendant's land. Yet, the condition on defendant's land posed no danger to plaintiff, absent the driver's violating his own standard of care. Thus imposition of a duty here would require defendant to 'guard against the negligence of others.' This is a considerably higher burden than guarding against dangers created solely by conditions on his land."

■ Furthermore, we agree with the trial court that to impose a duty on defendants here to either erect a fence between the playground and the parking lot or to otherwise take steps to protect plaintiff from injury on the adjacent property which defendants neither owned nor controlled would place an intolerable burden on every municipality or park district to protect children from traffic injuries. Virtually every park or playground is located adjacent to some sort of public or private thoroughfare. Under plaintiff's theory, access to

every park or playground, whether located next to a private road, a quiet suburban street or an expressway, would have to be restricted, or the entire park relocated to be free of liability in the event of a child being struck by an automobile on the adjacent roadway. *Cf. Foreman v. Consolidated R. Corp.* (1991), 214 Ill. App. 3d 700, 574 N.E.2d 178 (where the court held it would be intolerable to impose a duty on the city to erect fences on all land adjacent to railroad property); *Adams v. Brookwood Country Club* (1958), 16 Ill. App. 2d 263, 148 N.E.2d 39 (where the court held that it would be an "oppressive and unbearable burden" to require owners of land adjacent to rivers and creeks to construct fences to protect children); *Ellison v. Commonwealth Edison Co.* (1953), 351 Ill. App. 58, 113 N.E.2d 471 (where court found it would be an intolerable burden to require owners of land adjacent to water to build walls capable of keeping children away from the water).

In light of our holding that defendants owed no duty to plaintiff here, we need not address Commonwealth Edison's additional argument that it has no liability for the condition of the property which it leased to the park district (see *Wright v. Mr. Quick, Inc.* (1985), 109 Ill. 2d 236, 486 N.E.2d 908), or the park district's argument that as a municipality, it has no duty to make any improvements to its property. (See *Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.) We also need not discuss the park district's contention that it is immune from liability, either under statute or common law, notwithstanding its purchase of insurance. See *Bainter v. Chalmers Township* (1990), 198 Ill. App. 3d 540, 555 N.E.2d 1195; Ill. Rev. Stat. 1965, ch. 85, par. 9—103(b).

Accordingly, for the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

MURRAY and McNULTY, JJ., concur.