VINNIE F. ABDO *et al.*, Plaintiffs-Appellants, v. TREK TRANSPORTATION COMPANY, INC., *et al.*, Defendants (Forgings & Stampings, Inc., Defendant-Appellee).

Second District    Nos. 2—91—0009, 2—91—0306 cons.

Opinion filed November 20, 1991.

Robert H. Clark and Janet Clark Holmgren, both of Clark, McGreevy & Johnson, P.C., of Rockford, for appellant.

Clayton L. Lindsey, of Thomas & Hinshaw, Culbertson, and Stephen E. Balogh and James P. Devine, both of Williams & McCarthy, P.C., both of Rockford, for appellee.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiff, Vinnie F. Abdo, individually, and as special administrator of the estate of her husband, Jamal A. Abdo, and for the use and benefit of both herself and their children, appeals the judgment of the circuit court dismissing with prejudice those counts of her amended complaint against defendant, Forgings & Stampings, Inc. (F&S), for failure to state a cause of action for negligence. Plaintiff alleged that F&S, as the owner of certain commercial property, had the duty to insure that deliveries to and pickups from its facility were made in a safe manner and had breached that duty, which re-

sulted in the death of plaintiff's husband. The circuit court found that F&S had no such duty and dismissed those counts of plaintiff's complaint that related to F&S. We affirm.

Between 4:50 and 5 a.m. on May 22, 1990, plaintiff's decedent was killed when his car struck and went under a semitractor and flatbed trailer (semitruck), which was stopped across 23d Avenue. Defendants, Trek Transportation Company, Inc., Charles H. Rex and Ronald Robnett were the owner, lessee, and operator of the semitruck, respectively, and are not concerned with this appeal. F&S' property, which was a commercial facility, was located on the north side of 23d Avenue, across from the "T" intersection of Seventh Street with 23d Avenue. F&S' sole driveway and dock were located to the east of its building, which was also just east of and across from Seventh Street. The semitruck carrying a delivery for F&S had traveled west on 23d Avenue and then, through a series of maneuvers, backed across 23d Avenue so that it was facing south with its trailer backed into F&S' driveway and dock. Thus positioned, the semitruck then stopped and entirely blocked both the west and eastbound lanes of 23d Avenue. Plaintiff's decedent was traveling east on 23d Avenue at the time of the collision with the stopped semitruck.

Plaintiff alleged that F&S routinely used 23d Avenue for the ingress and egress of trucks to F&S' driveway and dock to make pickups and deliveries and that F&S had instructed trucks to use 23d Avenue for such purposes. Specifically, plaintiff alleged that F&S was negligent in failing to illuminate its loading dock, placing materials in its driveway that obstructed and impeded the driver's attempts to enter the loading dock, failing to provide warning lights or signals for oncoming traffic when a truck blocked 23d Avenue, locating its driveway too close to the intersection with Seventh Street, failing to provide alternate means of ingress and egress for trucks to its property, causing and requiring trucks to violate State traffic statutes to gain entrance to its property, and failing to instruct its employees to stop traffic when 23d Avenue was blocked.

F&S moved for dismissal of the counts against it pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615) for failing to state a cause of action because F&S had no duty to plaintiff's decedent. The circuit court granted F&S' motion, but allowed plaintiff to amend her complaint. F&S again moved to dismiss the counts of plaintiff's amended complaint that sought recovery from F&S based on its alleged duty as a landowner, which the circuit court again granted finding that there was

"no just reason to delay enforcement or appeal" pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). Subsequent to plaintiff's filing her notice of appeal, the other defendants moved to vacate the court's order, which was denied. Plaintiff filed a second notice of appeal to insure our jurisdiction, which resulted in this consolidated appeal.

On a motion to dismiss, all well-pleaded facts must be regarded as true and all reasonable inferences drawn in favor of the plaintiff. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 505; *Kavanaugh v. Midwest Club, Inc.* (1987), 164 Ill. App. 3d 213, 217.) However, conclusions contained in the challenged pleadings will not be taken as true unless supported by specific factual allegations. (*Burdinie*, 139 Ill. 2d at 504-05.) Only if it clearly appears that no set of facts can be proved that will entitle plaintiff to prevail should a complaint be dismissed. *Anderson v. Marquette National Bank* (1987), 164 Ill. App. 3d 626, 627-28.

The principles that guide our consideration of this appeal have been often stated. Common-law negligence consists of a duty flowing from the defendant to the plaintiff, breach of that duty, and proximate cause of an injury to the plaintiff. (*Gouge v. Central Illinois Public Service Co.* (1991), 144 Ill. 2d 535, 542; *Ziemba v. Mierzwa* (1991), 142 Ill. 2d 42, 45; *Simmons v. Aldi-Brenner Co.* (1987), 162 Ill. App. 3d 238, 241.) The question of whether a legal duty exists is a question of law to be decided by the court. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525; *Beal v. Kuptchian* (1987), 164 Ill. App. 3d 191, 193.) If no duty exists, no recovery is possible as a matter of law. (*Ziemba*, 142 Ill. 2d at 45; *Beal*, 164 Ill. App. 3d at 193.) Both legal and social policies, including the foreseeability and likelihood of the injury and the magnitude and consequence of the burden to protect against such injury, must be weighed in determining if a legal duty exists. *Kirk*, 117 Ill. 2d 507; *Lance v. Senior* (1967), 36 Ill. 2d 516, 518; *Erne v. Peace* (1987), 164 Ill. App. 3d 420, 423.

Our supreme court has very recently twice addressed the question of the duty of a property owner to those using an adjacent highway. (See *Gouge*, 144 Ill. 2d at 540-41 (defendant owner of utility pole located on land adjacent to roadway); *Ziemba*, 142 Ill. 2d at 45.) In each instance, the court first focused on the reasonable foreseeability of the injury in determining whether to impose a duty upon the property owner. (See *Gouge*, 144 Ill. 2d at 544; *Ziemba*, 142 Ill. 2d at 49.) Thus, our inquiry as well first focuses on whether it was reasonably foreseeable that the defendant truck driver would

stop his vehicle entirely blocking both lanes of traffic without lights or other warnings.

Our discussion of a landowner's duty toward travelers on adjacent roadways must begin with section 368 of the Restatement (Second) of Torts (Restatement (Second) of Torts §368 (1965)), which has guided Illinois courts considering such issues. (*Ziemba*, 142 Ill. 2d at 48.) Section 368 provides:

"A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who

(a) are traveling on the highway, or

(b) foreseeably deviate from it in the ordinary course of travel." (Restatement (Second) of Torts §368, at 268 (1965).)

Two corollaries to this rule are urged by plaintiff as important to our consideration of the issue herein raised. The first is that an owner of a premises owes a duty to an invitee to use ordinary care to have the premises in a reasonably safe condition for use in a manner consistent with the invitation. (*Swett v. Village of Algonquin* (1988), 169 Ill. App. 3d 78, 87; *Altepeter v. Virgil State Bank* (1952), 345 Ill. App. 585, 598.) Second, such owner further has a duty to provide an invitee with a reasonably safe means of ingress and egress within and, depending on the particular facts of the case, beyond the precise boundaries of such premises. *Swett*, 169 Ill. App. 3d at 87; *McDonald v. Frontier Lanes, Inc.* (1971), 1 Ill. App. 3d 345, 351; *Cooley v. Makse* (1964), 46 Ill. App. 2d 25, 30-31.

However, plaintiff's decedent was not injured as a result of contact with an artificial condition on F&S property near the highway so as to fall within the landowner's duty imposed by the Restatement (Second) of Torts. Nor was he an invitee of F&S so as to benefit from a duty imposed on F&S to provide safe means of ingress and egress. Thus, we find these cases urged by plaintiff inapposite.

Rather, plaintiff seeks to impose on F&S a duty to insure that F&S' invitees utilize the provided means of ingress and egress in a reasonably safe manner. But this addresses not the foreseeability of an injury resulting from a condition of a landowner's property, but rather resulting from the alleged negligent actions of another.

Thus, defendant owed plaintiff's decedent a duty only if it was reasonably foreseeable that a truck driver would violate his statu-

tory duties when backing into defendant's driveway and dock. (See *Ziemba*, 142 Ill. 2d at 49.) Plaintiff urges us to follow the 32-year-old decision of the Appellate Court, Third District, in *Kubala v. Dudlow* (1958), 17 Ill. App. 2d 463. However, the supreme court in *Ziemba* expressly distinguished *Kubala*. (*Ziemba*, 142 Ill. 2d at 49-50.) *Kubala* concerned the duty of the defendant landowner to the plaintiff driver, who was injured when his car left the roadway and struck unmarked concrete posts placed by the defendant on his property near a curve in the road. (*Kubala*, 17 Ill. App. 2d at 465.) In distinguishing *Kubala*, the supreme court noted that the unmarked concrete posts alone in *Kubala* were dangerous to the plaintiff driver. (*Ziemba*, 142 Ill. 2d at 49-50.) However, in *Ziemba*, the condition of the driveway became "dangerous, if at all, only by the addition of a vehicle." *Ziemba*, 142 Ill. 2d at 49-50.

In *Ziemba*, the plaintiff, who was riding a bicycle on a roadway adjacent to the defendant landowner's property, was injured when a dump truck exited the defendant landowner's driveway without warning and failed to yield the right of way to traffic on the roadway. (*Ziemba*, 142 Ill. 2d at 49-50.) The plaintiff alleged that the defendant landowner owed the plaintiff a duty to exercise "reasonable care in the conduct of activities on his property, so as not to cause damage or injury to persons on the adjacent roadway" and that the landowner had breached such duty by permitting vehicles to use his driveway without warning to those using the adjacent roadway and by allowing foliage to obscure the visibility of his driveway from the roadway. (*Ziemba*, 142 Ill. 2d at 46.) However, the plaintiff did not allege that the foliage obstructed the truck driver's ability to see oncoming traffic. *Ziemba*, 142 Ill. 2d at 50.

■ Our supreme court found that the condition of the plaintiff landowner's property was not dangerous absent the intervening negligence of the truck driver. (*Ziemba*, 142 Ill. 2d at 50.) In rejecting the reasoning of the appellate court finding a duty owed by the defendant landowner to the injured plaintiff, our supreme court found that the question of foreseeability pertained not to the foreseeability of the plaintiff's injury, but rather to the foreseeability of the codefendant truck driver's alleged negligence. (*Ziemba*, 142 Ill. 2d at 49, 50.) Such negligence was not reasonably foreseeable because property owners have the right to expect that drivers will not violate their statutory duties, and " '[property] owner[s] cannot control and [have] no right to control the drivers of *** vehicles' " entering and leaving their property. *Ziemba*, 142 Ill. 2d at 52, quoting *Zimmermann v. Netemeyer* (1984), 122 Ill. App. 3d 1042, 1054.

However, plaintiff alleges that F&S caused and required the truck driver to violate his statutory duties to gain entrance to F&S' facility. Most of such statutory violations are alleged by plaintiff in conclusory fashion, which we do not consider. (*Burdinie*, 139 Ill. 2d at 504-05.) We further note that plaintiff has failed to quote fully many of those provisions that form the basis of such conclusions and, further, that a complete reading of the provisions indicates that many are inapplicable to the truck driver's conduct in this instance. See, *e.g.*, Ill. Rev. Stat. 1989, ch. 95½, par. 11—1301 ("Stopping, standing or parking *outside of a business or residence district*").

Notwithstanding such omissions, however, certain facts alleged support an inference that the driver's breach of his statutory duties was a foreseeable result of the alleged condition of F&S' property. Specifically, plaintiff alleges that the truck driver backed the semi-truck in a manner that was unsafe and that interfered with other traffic in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—1402(a)). Further, plaintiff alleged that the location and narrow width of F&S' driveway and F&S' placement of materials in its loading dock both impeded and lengthened the driver's attempts to back into F&S' loading dock, thereby resulting in the truck driver's obstruction of traffic. Construing such allegations most strongly in favor of plaintiff, the driver's alleged violation of his statutory duty not to obstruct traffic was a reasonably foreseeable consequence of the configuration of F&S' driveway and the materials there placed.

However, our inquiry is not ended because we must still weigh the foreseeability that a condition of F&S' property would result in plaintiff's decedent's injury against the additional factors of the likelihood of such result, as well as the burden and consequence of imposing a duty upon F&S to guard against the intervening negligence of a truck driver. A landowner's duty to those using an adjacent highway arises only by virtue of his status as a landowner and the underlying rationale that a landowner is in the best position to prevent the injury. (*Ziemba*, 142 Ill. 2d at 53.) However, when a third party is in the best position to prevent a plaintiff's injury, there is no justification for imposing liability upon a landowner. (*Ziemba*, 142 Ill. 2d at 53.) Further, as the court recognized in *Ziemba*, "[e]ven if [it] were to find it was reasonably foreseeable that the condition on defendant's land would result in this type of accident, *** '[the] imposition of a general duty to anticipate and guard against the negligence of others would place an intolerable

burden on society.' " (*Ziemba*, 142 Ill. 2d at 52, quoting *Dunn v. Baltimore & Ohio R.R. Co.* (1989), 127 Ill. 2d 350, 366.) Thus, we must consider both whether F&S was in the best position to prevent plaintiff's decedent's injury and whether imposition of such duty upon F&S would place "an intolerable burden on society." See *Ziemba*, 142 Ill. 2d at 52.

▆ In both this instance and *Ziemba*, the complained-of injuries were the result of the alleged negligence of an intervening third party in the form of a truck driver. So, too, in this instance, just as in *Ziemba*, F&S had neither the right nor ability to control the truck driver's conduct. The truck driver's ability and experience were traits particular to the individual driver, which affected not only the duration of his efforts to back the semitruck into F&S' driveway and dock but also his eventual accomplishment or failure of such task. Such individual traits were clearly not within F&S' control. The truck driver's decision to stop the truck across the road as alleged by plaintiff, rather than either completely backing into the dock or terminating the delivery, was not within F&S' control. F&S did not control the decision as to the type or length of the truck to be used to make the delivery, nor the use and/or maintenance of its reflective markings. The trucking company and truck driver, rather than F&S, were in the best position to prevent plaintiff's decedent's injury.

Finally, the instant facts confirm the soundness of the policy of not imposing a general duty to guard against the negligence of others. Plaintiff alleged that F&S directed and required deliveries to be made at its driveway and dock and essentially alleged that the mere provision of a driveway creates a duty to insure that it is used in a manner that will not cause injury to others. Almost all commercial facilities receive and/or ship deliveries, and further such deliveries are frequently made by a truck that must be backed into or out of a driveway or dock. Such maneuvers frequently "obstruct" traffic, although in varying degrees and durations. However, such maneuvers are further "a matter of common knowledge" and over which the property owner has little control and for which the property owner should not be liable. See *Ziemba*, 142 Ill. 2d at 52; *Zimmermann*, 122 Ill. App. 3d at 1054.

Thus, although the truck driver's alleged intervening negligence was a reasonably foreseeable consequence of the condition of F&S' property, F&S owed no duty to plaintiff's decedent to guard against such alleged negligence, and, therefore, plaintiff failed as a matter

of law to state a cause of action sounding in negligence against F&S.

We affirm the trial court's dismissal of those counts of plaintiff's complaint that alleged negligence against F&S.

Affirmed.

REINHARD, P.J., and BOWMAN, J., concur.