NO. 5-95-0692

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

GLENN H. WHITTAKER, JR.,             )  Appeal from the

                                     )  Circuit Court of

     Plaintiff-Appellant,            )  Madison County.

                                     )

v.                                   )  No. 94-L-851

                                     ) 

KEITH HONEGGER and JOY LYNN HONEGGER,)  Honorable

                                     )  A. A. Matoesian,

     Defendants-Appellees.           )  Judge, presiding.

_________________________________________________________________

     JUSTICE MAAG delivered the opinion of the court:

     Plaintiff, Glenn Whittaker, appeals from a Madison County

circuit court order granting defendants' summary judgment motion.

     Plaintiff filed this action against defendants, Keith Honegger

and Joy Lynn Honegger, seeking recovery for personal injuries

sustained when he encountered a patch of loose gravel on the paved

public highway in front of defendants' gravel driveway and lost

control of his motorcycle.  Defendants filed a motion for summary

judgment, asserting that as landowners of property adjoining a

public highway, defendants owed no duty to motorists to clean or

maintain the portion of highway in front of their property, regard-

less of whether gravel had migrated from their property onto the

roadway.  The trial court granted defendants' motion.  The court

specifically found that no legal duty existed on the part of the

homeowners.  Plaintiff appeals.

     We will begin by reviewing the facts before us.

     On August 27, 1993, plaintiff was riding his motorcycle down

Old Troy Road.  As plaintiff approached a curve in the highway near

the entrance to defendants' driveway, he lost control of his

motorcycle when he encountered a patch of gravel accumulated on the

paved road.  Plaintiff crashed and sustained injuries.  The gravel

allegedly was tracked onto the highway over time by vehicles

leaving defendants' driveway.  Plaintiff alleged that defendants

were negligent and breached the duty of ordinary care owed to

plaintiff by failing to prevent or remedy a hazardous accumulation

of gravel on the roadway.  The record fails to disclose how much

gravel was present on the highway at the time of the accident. 

     Plaintiff contends on appeal that the trial court erred in

ruling that the defendant homeowners owed plaintiff no duty of

care.  He argues that because defendants permitted an artificial

condition from their property to pose an unreasonable and fore-

seeable risk to others on the highway, defendants owed a duty to

highway users to remove the gravel.

     Defendants argue that, even assuming that gravel had migrated

onto the roadway and caused plaintiff's injuries, they nevertheless

owed no duty to keep the public highway clean.  Defendants maintain

that they lacked a sufficient relationship to motorists to impose

a duty of care; that the risk of injury to highway travelers was

not foreseeable; and that the imposition of a duty on owners of

land adjacent to public highways to keep their gravel off the road

would constitute a "disastrous" burden. 

     Summary judgment should be granted only when the pleadings,

depositions, affidavits, and admissions on file show that there is

no genuine issue of material fact and that the moving party is

entitled to judgment as a matter of law.  Hanks v. Mount Prospect

Park District, 244 Ill. App. 3d 212, 614 N.E.2d 135 (1993).  The

court must consider all the evidence before it strictly against the

movant for summary judgment and liberally in favor of the non-

movant.  Colvin v. Hobart Brothers, 156 Ill. 2d 166, 620 N.E.2d 375

(1993).  In a negligence action, the determination of whether a

duty exists is an issue of law to be determined by the court.  Abdo

v. Trek Transportation Co., 221 Ill. App. 3d 493, 582 N.E.2d 247

(1991); Kirk v. Michael Reese Hospital & Medical Center, 117 Ill.

2d 507, 513 N.E.2d 387 (1987).  Absent the existence of a duty, a

defendant is entitled to summary judgment.  Hanks, 244 Ill. App. 3d

212, 614 N.E.2d 135; Crutchfield v. Yellow Cab Co., 189 Ill. App.

3d 1091, 545 N.E.2d 961 (1989). 

     Our supreme court has on several occasions addressed the

question of the duty owed by a property owner to those using the

adjacent highway.  Abdo, 221 Ill. App. 3d at 496, 582 N.E.2d at

250; Gouge v. Central Illinois Public Service Co., 144 Ill. 2d 535,

540-41, 582 N.E.2d 108, 111 (1991); Ziemba v. Mierzwa, 142 Ill. 2d

42, 45, 566 N.E.2d 1365 (1991).  In those instances, the court

initially focused on the reasonable foreseeability of the injury in

determining whether to impose a duty on the property owner.  Abdo,

221 Ill. App. 3d at 496, 582 N.E.2d at 250; Ziemba, 142 Ill. 2d at

49, 566 N.E.2d at 1367.  Accordingly, our inquiry also begins by

focusing on the reasonable foreseeability of a highway traveler

losing control of his motorcycle when coming in contact with gravel

strewn over the paved road.

     In considering a landowner's duty toward travelers on adjacent

roadways, our analysis must begin by looking to the Restatement

(Second) of Torts (1965).  Section 368 provides:

     "A possessor of land who creates or permits to remain

     thereon an excavation or other artificial condition so

     near an existing highway that he realizes or should

     realize that it involves an unreasonable risk to others

     accidentally brought into contact with such condition

     while traveling with reasonable care upon the highway, is

     subject to liability for physical harm thereby caused to

     persons who

           (a) are travelling on the highway, or

           (b) foreseeably deviate from it in the ordinary

               course of travel."  Restatement (Second) of

               Torts §368, at 268 (1965).

     As our supreme court acknowledged in Ziemba, "Section 368

presents the well-established common law rule that a landowner's

only duty towards travelers on an adjacent highway is to keep his

land free from conditions which are unreasonably dangerous to such

travelers who may come into contact with the condition."  Ziemba,

142 Ill. 2d at 48-49, 566 N.E.2d at 1367.

     In this case, defendants constructed a gravel driveway on

their property adjoining the highway.  Defendants do not dispute

that the gravel, an artificial condition, migrated off their

property and onto the paved highway as a result of vehicles pulling

in and out of the driveway.  Plaintiff alleges that he came into

contact with this artificial condition, which caused him to lose

control of his vehicle and suffer injuries.  Defendants' conten-

tion, that it was not reasonably foreseeable that the gravel

scattered on the highway might cause an accident, is unpersuasive.

     "Foreseeability of harm, in connection with a duty, is not a

magical concept that ignores common sense."  St. Paul Insurance Co.

of Illinois v. Estate of Venute, 275 Ill. App. 3d 432, 436, 656

N.E.2d 113, 117 (1995).  Common sense tells us that the existence

of loose gravel on a paved highway may interfere with a passing

motorist's ability to safely control his or her vehicle, especially

when, as in the instant case, highway travelers must necessarily

apply their brakes to negotiate the curving road ahead.  The risk

posed by the artificial condition arguably increases for those

travelers who, like the plaintiff, encounter the loose gravel while

operating a motorcycle.

     Defendants' reliance on Ziemba for the proposition that no

duty is owed by the landowner when the traveler does not stray from

the road and make contact with defendants' property is misguided. 

To suggest, as defendants do here, that a landowner may face

liability if a motorist encounters an unreasonably dangerous

artificial condition off the edge of the highway on the owner's

property, but not if the motorist makes contact with the owner's

artificial condition after it has actually crept onto the highway

itself, is illogical.

     We believe that the principles applicable to snow and ice

cases are helpful in understanding the matter at issue.  Under the

"natural accumulation rule," a landowner in Illinois is generally

not liable for injuries when the slip and fall occurred on a

surface where the snow and ice accumulation was natural and

unaggravated by the landowner.  However, the owner may indeed be

liable if the ice accumulated because the owner either aggravated

a natural condition or engaged in conduct which created a new,

unnatural or artificial condition.  Endsley v. Harrisburg Medical

Center, 209 Ill. App. 3d 908, 568 N.E.2d 470 (1991); Harkins v.

System Parking, Inc., 186 Ill. App. 3d 869, 542 N.E.2d 921 (1989);

Stiles v. Panorama Lanes, Inc., 107 Ill. App. 3d 896, 438 N.E.2d

241 (1982).

     Applying these principles to the case at bar, the gravel which

accumulated is an unnatural hazard that was created due to the

presence and design of defendants' driveway.  We believe that a

duty arose on the part of the defendants to exercise ordinary care

to prevent and/or remedy any dangerous conditions which arose by

virtue of the presence of the driveway.

     Moreover, we find no merit to defendants' contention that

imposing a duty on adjacent landowners would lead to an "enormous"

burden with "disastrous" consequences.  The rule applied in Ziemba,

to which defendants vigorously adhere, seeks to protect the

landowner from a duty to guard against injuries occurring off of

his land at the hands of a negligent third party.  Ziemba, 142 Ill.

2d at 52, 566 N.E.2d at 1369.  In Ziemba, foliage on the

defendant's property obscured the vision of a truck driver pulling

onto the highway, resulting in a collision with a passing bicy-

clist.  However, in contrast to Ziemba, defendants here created a

condition or allowed a condition to develop that was literally on

the highway's surface.  The gravel posed a danger to passing

motorists, regardless of any third-party conduct.  Hence, the

imposition of a duty in this case does not put an elevated burden

on defendants to guard against the negligence of others.  It merely

asks defendants to prevent conditions on their land from migrating

onto the highway and thereby creating hazards to the motoring

public.

     Finally, the underlying rationale for imposing a duty on the

landowner for injuries caused by his artificial conditions is that

the landowner is generally in the best position to prevent the

injury.  This case is no exception.  Defendants routinely enter and

exit their own property.  It follows that defendants are most

likely to observe the loose gravel being tracked onto the road and

can most effectively eliminate the hazard.

     Defendants work hard at trying to carve out a special

exception in negligence cases, to allow conditions on private

property that migrate onto public ways to be considered absolutely

immune from traditional duties imposed by law even if a hazardous

condition results.  All one needs to do is look at what the

consequences would be if defendants' position was adopted.  If a

landowners' car rolled down his driveway and into the street, by

defendants' logic no liability could result if an accident occurred

because there would be no duty to prevent the car from rolling into

the street and no duty to remove it to clear the street and prevent

a collision.  If a garden hose was left on and allowed to flow into

the street where the water froze, there would no duty to turn off

the hose or clear the street.  Both such acts would be immune from

a civil action by one injured on the street, by defendants' logic,

because there is no duty to prevent or correct these obviously

hazardous conditions.

     The reasoning behind our decision today is hardly novel. 

Indeed, one can look back to English common law for the proposition

that a defendant may be liable for damaging another with a thing or

activity on his land which becomes unduly dangerous when located in

an inappropriate place or when damage is done to the person or

property of another by the activity or thing.  Rylands v. Fletcher,

3 H.L. 330 (1868)(where a reservoir on defendant's property flooded

a mine shaft adjoining the reservoir); W. Keeton, Prosser & Keeton

on Torts §78, at 545-46 (5th ed. 1984); see also Miller v. Civil

Constructors, Inc., 272 Ill. App. 3d 263, 651 N.E.2d 239, 241

(1995).  We recognize that the instant case is not one involving

the imposition of strict liability for inherently dangerous

activities as was Rylands.  Our reliance upon that longstanding

English decision is confined to the proposition that liability may

result for harm caused by an otherwise harmless condition or

activity which becomes hazardous when it migrates to an inappro-

priate location.  Here, defendants' gravel is "merely the right

thing in the wrong place - like a pig in the parlor instead of the

barnyard."  Village of Euclid, Ohio v. Ambler Realty Co, 272 U.S.

365, 388, 71 L. Ed. 303, 47 S. Ct. 114 (1926).

     As stated earlier in this opinion, the record fails to reveal

how much gravel was on the roadway.  If only one pebble was

present, we could readily agree that no duty would exist to remove

it.  But what of a pile of gravel 12 inches deep?  Clearly a duty

to remove it would arise.  How much gravel must be present before

the risks posed become unreasonable thus giving rise to a duty?  We

do not know.  That is a mixed question of law and fact.  The

parties did not help in this analysis.  The amount of gravel

present was never disclosed to the trial court or this court.  As

such the case was not ripe for summary judgment.  Only after this

information is presented will the trial court know whether the risk

of injury caused by the gravel was sufficient to give rise to a

duty.

     We therefore reverse the judgment of the trial court and

remand the cause to the circuit court for further proceedings

consistent with this decision.

     Reversed and remanded.

     HOPKINS, P.J., and CHAPMAN, J., concur.

                                      NO. 5-95-0692

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

GLENN H. WHITTAKER, JR.,             )  Appeal from the

                                     )  Circuit Court of

     Plaintiff-Appellant,            )  Madison County.

                                     )

v.                                   )  No. 94-L-851

                                     ) 

KEITH HONEGGER and JOY LYNN HONEGGER,)  Honorable

                                     )  A. A. Matoesian,

     Defendants-Appellees.           )  Judge, presiding.

___________________________________________________________________________

Opinion Filed:                  November 7, 1996

___________________________________________________________________________

Justices:      Honorable Gordon E. Maag, J.

                         

               Honorable Terrence J. Hopkins, P.J., and 

               Honorable Charles W. Chapman, J.,

               Concur

___________________________________________________________________________

                         

Attorneys      Theodore F. Schwartz, Kenneth R. Schwartz, 11 S. Meramec,

for            Suite 1100, Clayton, MO 63105

Appellant      

___________________________________________________________________________

Attorneys      David C. Laurent, Reed, Armstrong, Gorman, Coffey, Gilbert &

for            Mudge, 101 N. Main Street, Suite 300, P.O. Box 368,

Appellee       Edwardsville, IL 62025

___________________________________________________________________________