811 N.E.2d 229 (2004)
349 Ill.App.3d 229
284 Ill.Dec. 934
Rosemarie RAFFEN, as Special Adm'r of the Estate of Dean Raffen, Deceased, Plaintiff-Appellant,
v.
INTERNATIONAL CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Appellee (Michael Brophy, Defendant; Michael Spatafora, as Special Adm'r of the Estate of Mellody Spatafora, Deceased, Defendant; The City of Elmhurst, Defendant and Third-Party Defendant).
No. 2-03-0936.
Appellate Court of Illinois, Second District.
June 3, 2004.
*231 James P. Costello, Thomas O. Plouff, Costello, McMahon & Burke, Ltd., Chicago, for Rosemarie Raffen.
Kenneth F. Knight, Edward J. Szewczyk, Thomas P. Marnell & Associates, Chicago, for International Contractors, Inc.
Justice McLAREN delivered the opinion of the court:
On the afternoon of January 9, 2001, decedent, Dean Raffen, was killed when he was thrown from the car in which he was a passenger. The driver of the car was his sister, Mellody Spatafora. Mellody's car was traveling on a frontage road when it collided with a car driven by defendant Michael Brophy. Brophy was exiting the driveway of defendant International Contractors, Inc. (ICI). Next to the driveway was a snow pile that prevented Brophy and Mellody from seeing each other. Plaintiff, Rosemarie Raffen, decedent's wife and special administrator of his estate, filed a wrongful death negligence suit against Brophy and ICI. ICI moved to dismiss her complaint (see 735 ILCS 5/2-615 (West 2002)), contending that, as a landowner, it owed no duty to travelers on an adjacent roadway. The trial court granted the motion. Plaintiff moved to reconsider and to file an amended complaint, adding, among other things, additional defendants. The trial court denied the motion to reconsider and the motion to file an amended complaint against ICI. Plaintiff appeals, and we reverse and remand.

I. FACTS
Plaintiff alleged that on January 9, 2001, Mellody's car was traveling north on Frontage Road in Elmhurst and approaching 977 Frontage Road, which is where ICI is located. At that location on Frontage Road, Mellody's and Brophy's cars collided.
In her claim against Brophy (count I), plaintiff alleged that a buildup of snow prevented Brophy and Mellody from seeing each other in enough time to avoid an accident. Plaintiff claimed that Brophy was negligent because he failed to yield to traffic on Frontage Road, to decrease his *232 speed, and to keep a proper and sufficient lookout. Plaintiff alleged that these negligent acts were the direct and proximate cause of decedent's death. In her claim against ICI (count II), plaintiff realleged that the snow pile prevented Brophy and Mellody from seeing each other. She claimed that ICI was negligent because it failed to properly remove snow from its premises, piled snow at the edge of its property that impaired the visibility of people entering and exiting ICI, and provided an unsafe ingress to and egress from its premises. Plaintiff claimed that these negligent acts were the direct and proximate cause of decedent's death.
Around the same time that plaintiff filed her complaint, Mellody filed a negligence suit against Brophy and ICI for injuries she sustained in the same accident. The trial court consolidated the two cases. Mellody subsequently died of cancer, and her claims were being prosecuted by her son, Michael Spatafora, as special administrator of Mellody's estate.
ICI filed a third-party complaint for contribution against the City of Elmhurst, which moved to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2002)). ICI joined in Elmhurst's motion to dismiss, alleging, pursuant to Ziemba v. Mierzwa, 142 Ill.2d 42, 153 Ill.Dec. 259, 566 N.E.2d 1365 (1991), that it owed no duty to decedent and Mellody. The trial court granted ICI's motion to dismiss, finding that, pursuant to Ziemba, ICI had no duty to ensure against Brophy's negligent acts. Plaintiff and Michael moved to reconsider, and plaintiff sought to file an amended complaint, naming the City of Elmhurst and Michael, as special administrator of Mellody's estate, as additional defendants. In the amended count against ICI, plaintiff alleged that Brophy was cautious when he exited ICI's driveway. She also claimed that ICI violated a local ordinance that prohibited encroachment on or obstruction of a public way.
The trial court denied the motion to reconsider and the motion to file an amended complaint against ICI, but it granted the motion to file an amended complaint against the remaining defendants. On appeal, plaintiff raises two issues. She first claims that ICI's motion to dismiss should have been denied because ICI had a duty to provide a safe means of ingress to and egress from its property. Secondly, she contends that the trial court erred when it denied her motion to file an amended complaint that alleged, in the alternative, that Brophy was cautious and that ICI violated a local ordinance prohibiting the obstruction of public ways.

II. ANALYSIS

A. Motion to Dismiss
A motion to dismiss a complaint pursuant to section 2-615 of the Code should be granted only when the allegations in the complaint, construed in the light most favorable to the plaintiff, fail to state a cause of action upon which relief can be granted. Oliveira v. Amoco Oil Co., 201 Ill.2d 134, 147, 267 Ill.Dec. 14, 776 N.E.2d 151 (2002). In making this assessment, all well-pleaded facts and inferences drawn from those facts are accepted as true. Oliveira, 201 Ill.2d at 147, 267 Ill.Dec. 14, 776 N.E.2d 151. We review de novo a trial court's dismissal pursuant to section 2-615 of the Code. Oliveira, 201 Ill.2d at 147-48, 267 Ill.Dec. 14, 776 N.E.2d 151.
A successful negligence claim must establish that the defendant owed a duty to the plaintiff, the defendant breached that duty, and the breach proximately caused the injury the plaintiff sustained. *233 Largosa v. Ford Motor Co., 303 Ill.App.3d 751, 754, 237 Ill.Dec. 179, 708 N.E.2d 1219 (1999). When deciding whether the defendant owed a duty to the plaintiff, courts consider (1) the foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden in guarding against the injury, and (4) the consequences of placing the burden on the defendant. Ward v. K mart Corp., 136 Ill.2d 132, 140-41, 143 Ill.Dec. 288, 554 N.E.2d 223 (1990). Whether a duty exists is a question of law, and the answer hinges on whether the parties stood in such a relationship to each other that the law would impose an obligation on the defendant to act reasonably for the protection of the plaintiff. Ziemba, 142 Ill.2d at 47, 153 Ill.Dec. 259, 566 N.E.2d 1365.
In cases such as this one, where it is alleged that a landowner owes a duty to travelers on an adjacent roadway, courts first focus on the foreseeability of the injury. Gouge v. Central Illinois Public Service Co., 144 Ill.2d 535, 544, 163 Ill.Dec. 842, 582 N.E.2d 108 (1991); Ziemba, 142 Ill.2d at 49, 153 Ill.Dec. 259, 566 N.E.2d 1365. Thus, we will first consider whether it is reasonably foreseeable that snow at the edge of Frontage Road and next to ICI's driveway would prevent motorists from seeing each other and would lead to a collision between a car driving on the adjacent roadway and one exiting the driveway.

1. Foreseeability

In addressing the foreseeability of the injury in this case, we must consider whether the condition giving rise to the injury, i.e., the snow pile, was unreasonably dangerous given the facts of the case. Ward, 136 Ill.2d at 151-52, 143 Ill.Dec. 288, 554 N.E.2d 223; Largosa, 303 Ill.App.3d at 754, 237 Ill.Dec. 179, 708 N.E.2d 1219. In resolving that issue, we are guided by the notion that "[f]oreseeability of harm, in connection with a duty, is not a magical concept that ignores common sense." St. Paul Insurance Co. of Illinois v. Estate of Venute, 275 Ill.App.3d 432, 436, 211 Ill.Dec. 921, 656 N.E.2d 113 (1995). Rather, foreseeability arises when the injury is likely enough to occur that a reasonably thoughtful person would take it into account in guiding his practical conduct. Venute, 275 Ill.App.3d at 436, 211 Ill.Dec. 921, 656 N.E.2d 113.
Here, common sense tells us that a snow pile large enough to block one's view of oncoming traffic may indeed interfere with a motorist's ability to see cross-traffic and avoid an accident. We believe that a reasonably thoughtful person piling snow at the edge of a frontage road would take that into account and would alter his actions accordingly.
In reaching this conclusion, we find support in Ziencina v. County of Cook, 188 Ill.2d 1, 241 Ill.Dec. 610, 719 N.E.2d 739 (1999). In Ziencina, a snow mound piled at the corner of an intersection blocked the plaintiff's view of traffic traveling on a cross-street. The plaintiff "edged out" into the intersection and was struck by an oncoming car. Ziencina, 188 Ill.2d at 3, 241 Ill.Dec. 610, 719 N.E.2d 739. The plaintiff sued the defendant, a municipality, which maintained the intersection. The case was presented to a jury, which found for the plaintiff.
On appeal to our supreme court, the defendant contended that it was immune from liability pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (see 745 ILCS 10/1-101 et seq. (West 2002)). Our supreme court disagreed, concluding that the defendant had a duty to exercise due care once it undertook to plow the snow. Ziencina, 188 Ill.2d at 13-14, 241 Ill.Dec. 610, 719 N.E.2d 739. The court determined that *234 the defendant breached this duty when it piled snow at the corner of the intersection and in such a manner that it obstructed the view of motorists on the roadway. Ziencina, 188 Ill.2d at 14, 241 Ill.Dec. 610, 719 N.E.2d 739.
The only factual difference we see between Ziencina and this case is that ICI is not a municipality and, thus, has no statutory immunity defense. This distinction is immaterial for purposes of this appeal. As this court has previously stated, the issues of duty and immunity are separate and distinct. Barnett v. Zion Park District, 267 Ill.App.3d 283, 288, 204 Ill.Dec. 791, 642 N.E.2d 492 (1994). "`[G]overnmental units are liable in tort on the same basis as private tortfeasors unless a valid statute dealing with tort immunity imposes conditions upon that liability.'" Barnett, 267 Ill.App.3d at 288, 204 Ill.Dec. 791, 642 N.E.2d 492 quoting LaMonte v. City of Belleville, 41 Ill.App.3d 697, 705, 355 N.E.2d 70 (1976). The plaintiff in Ziencina maintained a successful negligence action against the defendant based on evidence quite similar to the allegations here. Based on that fact, we cannot conclude that decedent's death was unforeseeable.
ICI contends that Ziemba controls this case. We disagree. In Ziemba, the plaintiff was riding his bike when he was struck by a dump truck exiting the defendant's property. Ziemba, 142 Ill.2d at 45-46, 153 Ill.Dec. 259, 566 N.E.2d 1365. The plaintiff alleged that foliage growing on the defendant's property prevented people traveling on the adjacent road from seeing the defendant's driveway. The defendant moved to dismiss the plaintiff's complaint, claiming that he did not owe a duty to the plaintiff. The trial court granted the motion, and our supreme court affirmed. Ziemba, 142 Ill.2d at 52, 153 Ill.Dec. 259, 566 N.E.2d 1365.
In reaching this conclusion, our supreme court commented on what the plaintiff alleged, and failed to claim, in his complaint. Specifically, the plaintiff alleged that the driver of the dump truck was negligent when he exited the driveway without warning and without yielding the right of way to traffic on the roadway. Ziemba, 142 Ill.2d at 50, 153 Ill.Dec. 259, 566 N.E.2d 1365. The plaintiff also failed to allege that the foliage prevented the dump truck driver from seeing oncoming traffic. Ziemba, 142 Ill.2d at 50, 153 Ill.Dec. 259, 566 N.E.2d 1365. Viewing these allegations in a light most favorable to the plaintiff, the court held that the accident was not foreseeable because the defendant could not reasonably foresee that the dump truck driver would exit the driveway without first ascertaining whether there was traffic on the roadway. Ziemba, 142 Ill.2d at 50, 52, 153 Ill.Dec. 259, 566 N.E.2d 1365.
Although plaintiff here, like the plaintiff in Ziemba, alleged that Brophy was negligent, plaintiff also claimed, in the counts against both Brophy and ICI, that ICI's snow pile obstructed Brophy's view of oncoming traffic, which was not similarly claimed in Ziemba. In Ziemba, the plaintiff alleged that the foliage impaired his ability to see the dump truck exiting the defendant's driveway and that the defendant had a duty to maintain his property so that travelers on the adjacent roadway could see the driveway. Those claims were irrelevant because, as alleged, the dump truck driver's independent negligent acts caused the accident. "Because the driver of the truck could see [the adjacent road], the fact that [the] plaintiff could not see the driveway does not affect the determination of whether it was reasonably foreseeable that the driver would violate his own statutory duty, and ultimately whether the injury was a reasonably foreseeable *235 result of the condition of the driveway." Ziemba, 142 Ill.2d at 51, 153 Ill.Dec. 259, 566 N.E.2d 1365. This distinction between the phrasing of the allegations here and those in Ziemba is crucial because, unlike in Ziemba, the allegations here present a set of facts under which ICI's action of maintaining the snow pile at least contributed to Brophy's conduct and decedent's injury.

2. Other Elements Needed to Establish a Duty

Although we determine that the injury was foreseeable, we also must address the likelihood of the injury, the magnitude of the burden in guarding against the injury, and the consequences of placing the burden on the defendant. See Abdo v. Trek Transportation Co., 221 Ill.App.3d 493, 499, 164 Ill.Dec. 39, 582 N.E.2d 247 (1991). We first consider whether the injury was likely. Likelihood in this context is not a certainty or a possibility, but a probability. Trevino v. Flash Cab Co., 272 Ill.App.3d 1022, 1032, 209 Ill.Dec. 545, 651 N.E.2d 723 (1995) (Cahill, J., concurring in part and dissenting in part). We believe that the injury was probable because the snow pile prevented Brophy and Mellody from seeing each other. If motorists are prevented from seeing approaching traffic, the risk of colliding with other drivers is quite probable. Second, addressing the magnitude of the burden in guarding against the injury, we believe that the injury could have been avoided if ICI had piled the snow somewhere other than at the edges of its driveway. Piling the snow in one location instead of another is certainly not a great burden.
Last, we consider the consequence of placing the burden on ICI. Generally, a landowner owes a duty to those traveling on an adjacent roadway by virtue of his landowner status and the theory that the landowner is in the best position to prevent the injury. Abdo, 221 Ill.App.3d at 499, 164 Ill.Dec. 39, 582 N.E.2d 247. However, if a third party was in the best position to guard against the plaintiff's injury, there is no justification for imposing liability on the landowner. Abdo, 221 Ill.App.3d at 499, 164 Ill.Dec. 39, 582 N.E.2d 247.
Here, pursuant to count II of plaintiff's complaint, we determine that ICI was in the best position to prevent decedent's death. As other appellate courts have observed, property owners routinely enter and exit their own property, and, thus, they are in the best position to observe potential hazards and effectively eliminate them. Whittaker v. Honegger, 284 Ill.App.3d 739, 744, 221 Ill.Dec. 169, 674 N.E.2d 1274 (1996). The courts that have found third parties in the best position to avoid the injury are clearly distinguishable. See, e.g., Ziemba, 142 Ill.2d at 52-53, 153 Ill.Dec. 259, 566 N.E.2d 1365 (noting that dump truck driver was in best position to avoid injury because foliage on the defendant's land did not impair driver's vision, and, thus, the accident would not have occurred absent the driver's negligent driving); Abdo, 221 Ill.App.3d at 495, 500, 164 Ill.Dec. 39, 582 N.E.2d 247 (concluding that truck driver who blocked traffic lanes of street adjacent to the defendant's business was in best position to prevent decedent's death because truck driver decided to block lanes of traffic). Thus, viewing the allegations in a light most favorable to plaintiff, we hold that ICI's motion to dismiss should have been denied.

B. Motion to File Amended Complaint
Plaintiff contends that the trial court erred when it denied her motion to file an amended complaint against ICI. In the amended complaint, plaintiff alleged, in the alternative, that Brophy was cautious and that ICI negligently maintained the *236 snow pile alongside its driveway. However, as plaintiff acknowledges, we need not review the propriety of the trial court's order denying plaintiff's motion to amend the complaint with these allegations because we have determined that plaintiff's original complaint alleged facts sufficient to state a cause of action.
Plaintiff also sought to add the allegation that ICI owed a duty of reasonable care to decedent pursuant to a local ordinance, which allegedly prohibited property owners from encroaching on or blocking public ways. However, because plaintiff has not provided this court with a copy of that ordinance, we have no means by which to determine whether the ordinance was violated or whether that law provides a basis for ICI's liability. Thus, we cannot determine that the trial court erred when it denied plaintiff's motion to amend the complaint in this respect. See Thiede v. Tambone, 196 Ill.App.3d 253, 258-59, 143 Ill.Dec. 110, 553 N.E.2d 817 (1990).

III. CONCLUSION
For the reasons stated above, we reverse the judgment of the circuit court of Du Page County and remand this cause for further proceedings.
Reversed and remanded.
GROMETER and CALLUM, JJ., concur.